UNITED STATES DISTRICT COURT
NEWARK DISTRICT OF NEW JERSEY

Case No. _____ (    )

Tamika Brookins

Plaintiff,

-against-

Daniel Whatley,

Defendant.

**COMPLAINT**
FOR DECLARATORY JUDGMENT
AND INJUNCTIVE RELIEF
PURSUANT TO 28 U.S.C. §§ 2201, 2202 &
FRCP RULE 57

JURY TRIAL DEMANDED

COMES NOW the Plaintiff, Tamika Brookins, to hereby make a formal verified Complaint against the above named Defendant, Daniel Whatley, for violations of my natural God given constitutionally protected rights, as well as violations of my rights as delineated in the state of New Jersey statutes of law codified under N.J.S.A. § 9:2-2.

Plaintiff brings this action for declaratory judgment and injunctive relief in the District Court for the State of New Jersey in Newark located at the Martin Luther King, Jr. Building, 50 Walnut Street, Suite 4015, Newark, New Jersey 07102 to obtain a remedy for my grievances of violations of my God given constitutionally protected rights.

Plaintiff hereby makes a short and plain statement pursuant to FRCP Rule 8(a)(1)(2)(3) setting forth my claim for relief on the grounds that Defendant Daniel Whatley (a) violated my rights in accordance with state law as codified in the N.J.S.A. § 9:2-2, and (1) my God given constitutionally protected rights as defined in Amendments I, V and XIV of the United States Constitution; (2) Plaintiff is entitled to the relief for the violations of due process and equal protection of law under the Constitutions of the United States and state of New Jersey, and (3) Plaintiff hereby demands a judgment for declaratory relief and injunction from this Court against Defendant for the violations of rights specified herein.

## JURISDICTION

1. Plaintiff respectfully invokes this Court's jurisdiction and venue for diversity of citizenship pursuant to 28 U.S.C. §§ 1332 and 1391;

2. Jurisdiction of this Court is proper for declaratory judgment under 28 U.S.C. §§ 2201, 2202; and FRCP Rule 57, for creation of a remedy;

3. Jurisdiction is also invoked under the First, Fifth and Fourteen Amendments to the Constitution of the United States of America.

4. Plaintiff also demands a jury trial for all issues triable by jury pursuant to FRCP Rules 38 & 39.

## PARTIES

5. Plaintiff, Tamika Brookins, hereinafter "Plaintiff", is a proper party to this action who presently lives at 384 Highland Avenue, 2d Floor, Passaic, New Jersey 07055.

6. Defendant, Daniel Whatley, hereinafter "Defendant, is a proper party to this action who presently lives at 127 Spring Street, Enfield, Connecticut 06082.

## STATEMENT OF FACTS

7. On or about July 8, 2000, Plaintiff and Defendant were married in accordance with the tenets of our faith in the Universal Hagars Spiritual Church of Hackensack New Jersey.

8. Plaintiff and Defendant are both Christians who have firm beliefs with regard to our faith.

9. On September 27, 2002 and on August 1, 2005 respectively, Plaintiff and Defendant were blessed with two sons from the marriage. Debonair Whatley being the first born and Destine Whatley being the second born of the two.

10. Presently, Debonair is 14 years old and Destine is 11 years old.

11. Plaintiff had every reason to believe and expect the vows of marriage taken with the Defendant would be honored especially with regard to how we intended to raise our children.

12. On or about June of 2008, while Plaintiff and Defendant were still together in marital solemnity, Defendant told Plaintiff that he had fathered another child with another woman named Nancy Corsi, who lives in Bridgeport Connecticut.

13. At the time Plaintiff was made aware of this other child Defendant fathered with Ms. Corsi, Plaintiff had significant reason to believe that Defendant was philandering with several other women some of whom worked with Plaintiff at my job.

14. After Plaintiff learned about the birth of Defendant's child with Nancy Corsi, Plaintiff still tried to keep the marriage intact for the sake of the minor children I had with Defendant, in order to raise them in a stable Christian household, with the firm religious beliefs of our Christian faith.

15. On or about January 2013, Plaintiff learned that Defendant had another child with Nancy Corsi, the birth of this second child with Ms. Corsi.

16. Plaintiff had recently separated from Defendant on or about October 2012, so the birth of Defendant's second child with Ms. Corsi occurred shortly after Plaintiff and Defendant separated.

17. It is Plaintiff's fervent belief that the circumstances that caused the devolvement of the marital relationship with Defendant into a separation was because Defendant knew that Ms. Corsi was pregnant and due to give birth to the second child with Defendant on or about January.

18. As a result of the marital separation, Plaintiff was forced to make up for the maintenance and support of the marital household all by myself.

19. When Plaintiff and Defendant were together, Defendant paid the rent and cable T.V. and assisted intermittently with the light bill.

20. Needless to say that when Plaintiff and Defendant separated it caused an unfortunate hardship for Plaintiff to maintain the marital household alone and Plaintiff had to work two jobs to make up the loss of Defendant's assistance.

21. The loss of Defendant's support and assistance to the marital household not only caused a serious hardship financially, but also caused difficulty for me to independently care for the minor children and keep house because of the time constraints from working two jobs, so I had to put my children in the care of a baby sitter while I worked and the upkeep of my house was not very manageable and fell into a disheveled state.

22. As a result of the overburdening situation Plaintiff was forced into from Defendant's infidelity and lack of support, and the disheveled state of the marital household, Defendant called Division of Child Protection and Permanency (DCP&P) and had the custody of the minor children removed from the Plaintiff.

23. On or about February or March of 2014, shortly after Defendant got custody of the Plaintiff's minor children, Defendant permanently moved the Plaintiff's minor children to the state of Connecticut without Plaintiff's knowledge and consent.

24. Plaintiff was granted liberal visitation rights from the Superior Court of New Jersey Chancery Division Family Part in Passaic County, but since Defendant took the minor children out of the state of New Jersey, Plaintiff barely get to see the minor children on any consistent basis or at all.

CAUSES OF ACTION

25. Plaintiff affirmatively asserts that Defendant is in open and active violation of N.J.S.A § 9:2-2 which "prevents divorced or separated parents from permanently removing minor children from the State of New Jersey absent written consent of the other parent or Court Order."

26. Plaintiff affirmatively asserts that Defendant's unlawful violation of N.J.S.A 9:2-2 effectively alienates the parental, emotional and filial affinity that Plaintiff has a God given right to expect and enjoy with Plaintiff's minor children.

27. Plaintiff also affirmatively asserts that Defendant deliberately subverted and destroyed the solemnity and stability of the marital household by his blatant infidelities and acted indifferent to the needs of the marital household and minor children.

28. Plaintiff also affirmatively asserts that the Defendant's subversive actions severely adversely affect the religious practices and beliefs that Plaintiff has the right to instill in the minor children of her marriage with Defendant.

29. Plaintiff affirmatively asserts that Defendant used coercive control, retaliation and family violence against Plaintiff and Plaintiff's minor children, and such acts and behavior perpetrated by Defendant against Plaintiff undermined and circumvented Plaintiff's established religious principles, ethics and child rearing practices that ultimately effect the development of Plaintiff's minor children.

30. Plaintiff affirmatively asserts that Defendant is purposefully engaged in the parental alienation of Plaintiff's minor children through the deliberate unlawful removal of Plaintiff's minor children from the state of New Jersey, and the continued denial or neglect of Plaintiff's visitation rights.

## COUNT I
### VIOLATION OF DUE PROCESS UNDER THE U.S. CONSTITUTION
### PER THE FIFTH AND FOURTEENTH AMENDMENTS

31. Plaintiff hereby makes the following statements in full and consistent agreement of the above averments delineated in line items 1-29 above as if fully set forth herein alleging that the Defendant willfully violated N.J.S.A. § 9:2-2 and that said violation effectively abrogated and chilled Plaintiff's rights as protected under the First, Fifth and Fourteenth Amendments of the Constitution of the United States of America.

32. As a direct and proximate result of Defendant's unlawful actions Plaintiff has suffered emotional and mental distress.

33. Plaintiff respectfully requests that the Court make a judicial determination of the Defendant's violation of the law concerning Count I under N.J.S.A § 9:2-2 and the U.S. Constitution and render a declaratory judgment ruling of the rights of Plaintiff in accordance with this state law.

## COUNT II
### VIOLATION OF PARENTAL RIGHTS, FAMILIAL ASSOCIATION

34. Plaintiff hereby makes the following statements in full and consistent agreement of the above averments delineated in line items 1-32 above as if fully set forth herein alleging that the Defendant's violation of Plaintiff's God given rights effectively curtailed and unlawfully restricted Plaintiff's parental rights and familial association, thereby imposing a condition of parental alienation against Plaintiff which has caused Plaintiff irreparable harm.

35. Defendant deliberately deprived Plaintiff of Plaintiff's right to liberal access of her children within the state of New Jersey, and such deliberate deprivation of that liberal

access has effectively interfered and extinguished Plaintiff's ability to maintain familial bonds instill the principles and traditions of Plaintiff's faith and culture.

36. The Fourteenth Amendment to the United States Constitution guarantees Plaintiff the right to association free from state intrusion of privacy, including the fundamental interest of natural parents to the care, custody and rearing of their children.

37. As a direct and proximate result of Defendant's unlawful actions Plaintiff has been irreparably harmed by this egregious deliberate deprivation of familial and parental association.

38. Plaintiff respectfully requests that the Court make a judicial determination of the Defendant's violation of the law concerning Count II under N.J.S.A § 9:2-2 and the United States Constitution and render a declaratory judgment ruling of the rights of Plaintiff in accordance with this state law and the Constitution.

## COUNT III
## VIOLATION OF THE FIRST AMENDMENT
## FREEDOM OF RELIGION

39. Plaintiff hereby makes the following statements in full and consistent agreement of the above averments delineated in line items 1-38 above as if fully set forth herein alleging that the Defendant's violation of Plaintiff's God given rights effectively curtailed and unlawfully restricted Plaintiff's right to raise my children under the tenets of my faith, and such right is a violation of the First Amendment to the United States Constitution.

40. As a direct and proximate result of Defendant's unlawful actions Plaintiff has been irreparably harmed by this egregious deliberate deprivation of Plaintiff's freedom of religion and association under the First Amendment of the Constitution of the United States.

41. Plaintiff's right to raise my children under the tenets of my religion and culture have been effectively abridged and extinguished and unconscionably circumvented by Defendants unlawful actions and Plaintiff respectfully requests the Court make a judicial determination of the Defendant's violation of the law concerning Count II under N.J.S.A § 9:2-2 and the United States Constitution and render a declaratory judgment ruling of the rights of Plaintiff in accordance with this state law and the Constitution.

COUNT IV
DECLARATORY AND INJUNCTIVE RELIEF

42. Plaintiff hereby makes the following statements in full and consistent agreement of the above averments delineated in line items 1-41 above as if fully set forth herein alleging that the damage to Plaintiff includes the irreparable injury of anxiety and emotional distress of being unlawfully separated from my children over three (3) years due to Defendant's violations of state and federal law that can never be restored or repaired without the Court rendering declaratory and injunctive relief in this matter.

43. Defendant's actions and behavior has endangered the emotional and mental stability and natural affection of Plaintiff's minor children for Plaintiff as a result of the facts verifiably specified herein.

44. As a direct and proximate result of Defendant's unlawful indifference to Plaintiff's parental and constitutional rights, Plaintiff has suffered the loss of custody, access to my children, lost wages, and has incurred exorbitant legal fees and other unexpected expenses.

45. Plaintiff suffers with extreme despair, mental anguish and emotional distress from the unlawful deprivation of parental rights and alienation of familial affection thrust upon me by the Defendant, and the present continuing status of those circumstances are causing

irreparable harm to Plaintiff and my minor children unless this Court issues a declaratory judgment of the violations of law described and affirmatively asserted by Plaintiff herein, together with a Court Order granting Plaintiff injunctive relief from the egregious violations of law perpetrated by Defendant against Plaintiff.

**WHEREFORE,** Plaintiff respectfully prays this Honorable Court grant the following relief:

a) A declaratory judgment declaring that the conduct of the Defendant as alleged in each of the paragraphs delineated herein is in violation of N.J.S.A. 9:2-2 and Plaintiff's constitutionally protected rights;

b) A declaratory judgment declaring that the conduct of the Defendant as alleged in each of the paragraphs delineated herein is in violation of the Common Law Statutes of the United States of America;

c) A declaratory judgment declaring that the conduct of the Defendant as alleged in each of the paragraphs delineated herein are in violation of the Common Law of the State of New Jersey;

d) That the aforesaid conduct of the Defendant as alleged in each of the paragraphs delineated herein be declared to have been tortious in inflicting intentional, prolonged mental anguish and emotional distress upon Plaintiff;

e) Granting Plaintiff monetary damages in the amount of $100,000.00 for loss of wages and legal expenses;

f) The issuance of an Order from the Court for injunctive relief from Defendant's continuing unconstitutional conduct;

g) The issuance of an Order from the Court for the immediate return of Plaintiff's minor children to my primary custody without restriction or court supervision;

h) Granting of Plaintiff's costs and legal expenses; and

i) Such other and further relief as to the Court seems just and proper.

Date: *March 7*_____, 2017.
State of New Jersey, County of Passaic.

Respectfully Submitted,

Tamika Brookins
For herself as the Natural Parent and Pro Se
384 Highland Avenue, 2d Floor
Passaic, New Jersey 07055
(973) 510-6153

UNITED STATES DISTRICT COURT
NEWARK DISTRICT OF NEW JERSEY

Tamika Brookins

Case No. _____ (    )

Plaintiff,  **ORDER TO SHOW CAUSE**
FOR PRELIMINARY INJUNCTION
AND
TEMPORARY RESTRAINING ORDER

-against-

Daniel Whatley,

Defendant.

Upon the Affidavit of Tamika Brookins, Pro Se Plaintiff in the Civil Complaint

concerning the subject matter duly filed in the District Court for the State of New Jersey in

Newark on the 7th day of March, 2017, and upon the copy of the Motion for Preliminary

Injunction and Temporary Restraining Order hereto attached

**IT IS THEREFORE ORDERED**, pursuant to FRCP Rule 65(b), that each Defendant

shall appear before this Court on the _____ day of _____, 2016, at

_____ o'clock ___.m., to show cause, if there is any, why this Court should not enter a

Preliminary Injunction and Temporary Restraining Order against Defendant(s), on behalf of the

Plaintiff(s), pending a final ruling on the merits of Plaintiff's Complaint, enjoining Defendant

from further violation of N.J.S.A. § 9:2-2 that is preventing Plaintiff from the unrestricted

visitation of her minor children, and to Show Cause for why this Injunction against the

Defendant named within the above entitled action should not be issued without final disposition

of Plaintiff's Complaint.

**IT IS FURTHER ORDERED** that Defendant shall file with the Court, and serve on the Plaintiff any answering affidavits, pleadings, motions, expert reports or declarations, and/or legal memoranda.

## DIRECT EXAMINATION OF WITNESSES

**IT IS FURTHER ORDERED** that there will be direct examination of witnesses at the preliminary injunction hearing in this matter. Each Party must serve and file a list of the opposing Party's Declarant(s) that the opposing Party will cross-examine at a hearing to be appointed by the Court at a date and time that the Court will schedule and give notification of it to all parties. Any Declarant(s) not so listed and served and filed in a timely fashion with the Court will not be subject to such cross-examination.

## RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for all purposes.

**IT IS FURTHER ORDERED** that a copy of this Order, together with the papers upon which it is granted, be personally served upon the Defendant(s), or his (their) Attorney(s) on or before _____, 2016 by _____ o'clock in the _____ noon, and that such service be deemed good and sufficient.

**SO ORDERED**, this _____ day of _____, 2016, at _____ a.m./p.m.


HON. _____
      U.S.D.C.J.

UNITED STATES DISTRICT COURT
NEWARK DISTRICT OF NEW JERSEY

Case No. _____(    )

Tamika Brookins

                              Plaintiff,                    **AFFIDAVIT**
                                                                OF
                -against-                        PLAINTIFF TAMIKA BROOKINS
                                                         IN SUPPORT OF
Daniel Whatley,                                      VERIFIED COMPLAINT

                              Defendant.

**VERIFICATION**

STATE OF NEW JERSEY          }
                             }
                             }ss:
COUNTY OF PASSAIC            }
                             }

I, Tamika Brookins, hereby verify that I have personal knowledge of the statements made

by me in the foregoing Verified Declaratory Judgment Complaint I filed in the District Court for

the State of New Jersey at Newark, and that I have been irreparably harmed from the adverse

actions of the Defendant in this case and I have no other recourse for relief from those actions

than to seek a declaratory judgment from the District Court of New Jersey in Newark. I affirm

that those statements made by me within my verified Complaint are true and correct to the best

of my knowledge and belief under penalty of perjury of the laws of the United States of America

per 28 U.S.C. § 1746.

Date: ___March 7_____, 2017.

Sworn to Before Me This
_7__ day of March, 2017.

_Denetta J. DeMarzo_
Notary

Respectfully Submitted,

_Tamika Brookins_
Tamika Brookins