**Not for Publication**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| TAMIKA BROOKINS, | : |
| Plaintiff, | : Civil Action No. 17-1644 (ES) (MAH) |
| v. | : MEMORANDUM |
| DANIEL WHATLEY, | : |
| Defendant. | : |

**SALAS, DISTRICT JUDGE**

*Pro se* Plaintiff Tamika Brookins sued Defendant Daniel Whatley for allegedly violating her "natural God given constitutionally protected rights" under the United States Constitution and N.J.S.A. § 9:2-2. (D.E. No. 1 ("Compl.") at 1).[1] Specifically, she asserts the following four counts: (1) violation of due process under the Fifth and Fourteenth Amendments of the U.S. Constitution; (2) violation of her parental rights and familial association under N.J.S.A. § 9:2-2; (3) violation of her First Amendment right of freedom of religion; and (4) declaratory and injunctive relief. (*Id.* ¶¶ 31-45).

By way of brief background, in July 2000, Plaintiff and Defendant were married in Hackensack, New Jersey. (*Id.* ¶ 7). They had two children, the first born on September 27, 2002, and the second born on August 1, 2005. (*Id.* ¶ 9). In June 2008, Defendant advised Plaintiff that he had fathered a child with another woman in Connecticut. (*Id.* ¶ 12). By October 2012, Plaintiff had separated from Defendant, causing Plaintiff to work two jobs to maintain the household and find independent care for her children. (*Id.* ¶¶ 16, 18-21). Defendant had the

---

[1] Unless otherwise indicated, all internal citations, quotation marks and alterations are omitted, and all emphasis is added.

Division of Child Protection and Permanency remove the children from Plaintiff's custody. (*Id.* ¶ 22). Around February or March 2014, Defendant received custody of the children and moved them to Connecticut "without Plaintiff's knowledge or consent." (*Id.* ¶ 23). The Superior Court of New Jersey, Chancery Division, Family Part in Passaic County granted Plaintiff "liberal visitation rights," but because the children are no longer in New Jersey, Plaintiff "barely get[s] to see [her] minor children on any consistent basis at all." (*Id.* ¶ 24). Regarding the relief sought, Plaintiff states that she "relinquish[es] any claim [she] made in the Complaint for money damages" and she "only want[s] and need[s] [her] children back." (D.E. No. 9 ("Letter Br.") at 3).

After the Clerk of Court entered default against Defendant on June 15, 2017, Plaintiff moved for default judgment. (*See* D.E. Nos. 5-9). Before the Court enters default judgment, however, it must first determine whether it has personal jurisdiction over the parties and subject-matter jurisdiction over the claims. *See Prudential Ins. Co. of Am. v. Bramlett*, No. 08-0119, 2010 WL 2696459, at *1 (D.N.J. July 6, 2010). Moreover, while the Court has discretion to enter default judgment, that discretion should be limited, and whenever practicable, the Court should resolve issues on the merits. *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180-81 (3d Cir. 1984). Finally, the Court construes complaints liberally in favor of a *pro se* plaintiff. *See Higgs v. Atty. Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011). That said, *pro se* litigants still "must follow the rules of procedure and the substantive law." *Thompson v. Target Stores*, 501 F. Supp. 2d 601, 603 (D. Del. 2007); *see also McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

Plaintiff avers that this Court has subject-matter jurisdiction under diversity of citizenship pursuant to 28 U.S.C. § 1332. (Compl. ¶ 1). Under § 1332, a district court has subject-matter jurisdiction in civil actions where the parties are citizens of different states and the amount in controversy exceeds $75,000. Here, the two parties are citizens of different states. As noted, Plaintiff expressly states in her letter-brief that she "relinquish[es] any claim [she] made in the Complaint for money damages." (Letter Br. at 3). To be sure, "[d]iversity jurisdiction is not confined to actions for money judgments. The court is always required to make an assessment of the value of the rights being litigated." *Florham Village LLC v. N.J. CVS Pharmacy LLC*, No. 15-8758, 2016 WL 3965203, at *2 (D.N.J. July 21, 2016). "In injunctive actions, it is settled that the amount in controversy is measured by the value of the right sought to be protected by the equitable relief." *ADP, LLC v. Jacobs*, No. 15-3710, 2015 WL 4670805, at *9 (D.N.J. Aug. 5, 2015). But the Court's independent research suggests that courts have dismissed actions requesting injunctive relief in child-custody disputes where it appears the amount in controversy was not ascertainable or too speculative to appropriately monetize. *See, e.g.*, *Cathey v. Harrison*, No. 16-0545, 2016 WL 4494446, at *3 (E.D. Cal. Aug. 25, 2016); *Brackens v. Woods*, No. 13-3743, 2014 WL 1255879, at *2 (S.D. Tex. Mar. 26, 2014); *State of N.Y. ex rel. Larson v. Holy Spirit Ass'n*, 464 F. Supp. 196, 198 (S.D.N.Y. 1979).

Moreover, Plaintiff's action appears subject to the "domestic relations" exception to diversity jurisdiction. *See La Maina v. Brannon*, 804 F. Supp. 607, 610 (D.N.J. 1992). As the Supreme Court has stated, this exception "divest[s] federal courts of the power to issue divorce, alimony, and child custody decrees." *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992); *see also Dougherty v. Adams-Dougherty*, No. 15-8541, 2016 WL 5219460, at *4 n.4 (D.N.J. Sept. 21, 2016); *Daisey v. N.J. Div. of Child Prot. & Permanency*, No. 15-8091, 2016 WL 3512068, at

*2 (D.N.J. June 27, 2016). Here, as noted above, Plaintiff asserts in her complaint that she "barely get[s] to see the minor children on any consistent basis or at all." (Compl. ¶ 24). She seeks, among other things, the "issuance of an Order from the Court for the immediate return of [her] minor children to [her] primary custody without restriction or court supervision." (*Id.* at 10). Further, Plaintiff explicitly states, "I only want and need my children back." (Letter Br. at 3). Accordingly, if the Court granted Plaintiff's requested relief by entering a default judgment, it would effectively force Defendant to either relocate to New Jersey or move the children back into Plaintiff's home. Because such relief would function as a child-custody decree that is subject to the "domestic relations" exception, the Court cannot exercise subject-matter jurisdiction over Plaintiff's claims under diversity of citizenship. *See Ankenbrandt*, 504 U.S. at 703 ("The whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States . . . .").[2]

Furthermore, although Plaintiff alleges violations of her federal constitutional rights, she fails to state a proper cause of action that would provide this Court with jurisdiction under 28 U.S.C. § 1331. Indeed, "[a]lthough Plaintiff has clothed her complaint in the garb of a civil rights action, her Complaint boils down to a demand to regain custody of her children." *See Daisey*, 2016 WL 3512068, at *2. Moreover, the Supreme Court has stated that "most rights secured by the Constitution are protected only against infringement by government." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982) (quoting *Flagg Bros. Inc. v. Brooks*, 436 U.S. 149, 156 (1978)). "As a general principle, the federal constitutional guarantees of personal rights are enforceable as against federal or state governments *only*, and not as against private individuals." *Lormans v. Monmouth Chem. Dependency Treatment Ctr., Inc.*, No. 91-4558,

---

[2] *See also Dougherty*, 2016 WL 5219460, at *4 n.4 ("The 'domestic relations exception' divests federal courts of power to issue divorce, alimony, and child custody decrees. Instead, to challenge these orders, [plaintiff's] proper recourse is to follow the normal appellate procedures in the New Jersey state court system.").

1992 WL 281107, at *3 (D.N.J. Oct. 5, 1992) (quoting *Hoagburg v. Harrah's Marina Hotel Casino*, 585 F. Supp. 1167, 1171 (D.N.J. 1984) (emphasis in original)). Here, Plaintiff asserts constitutional violations against a private individual, not a government actor. Therefore, Plaintiff fails to allege a proper federal cause of action, and the Court lacks subject-matter jurisdiction under 28 U.S.C. § 1331. *See Brust v. ACF Indus., LLC*, No. 11-4839, 2011 WL 6756921, at *2 (D.N.J. Dec. 21, 2011) ("Pursuant to § 1331's 'all civil actions arising under' language, only cases 'in which a well-pleaded complaint establishes either [1] that federal law creates the cause of action or [2] that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law' confer federal question jurisdiction.") (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 28 (1993)).

Finally, because the Court finds that it lacks subject-matter jurisdiction, it declines to exercise supplemental jurisdiction over Plaintiff's state-law claim. *See* 28 U.S.C. § 1367(c); *Camden Cty. Bd. of Chosen Freeholders v. Camden Cty. Mun. Utils. Auth.*, No. 02-1734, 2002 WL 32063126, at *6 (D.N.J. June 5, 2002) ("[P]laintiff's lack of subject matter jurisdiction is a threshold bar that precludes it from stating in its complaint a cognizable claim for relief under federal law. This Court acts within its discretion and declines to exercise supplemental jurisdiction over the remaining state claims . . . .").[3] As such, this claim will be dismissed *without prejudice*.

For the foregoing reasons, this Court DENIES Plaintiff's Motion for Default Judgment. An appropriate Order accompanies this Memorandum.

*s/ Esther Salas*
**Esther Salas, U.S.D.J.**

---

[3] Indeed, the U.S. Supreme Court long ago stated that: "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966).